**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN LAWHON,

    Plaintiff,

v.                                                Case No.: 8:19-cv-2333-T-36JSS

AARON'S, INC.,

    Defendant.
_____/

### PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY PENDING COURT DECISION ON DEFENDANT'S MOTION TO COMPEL ARBITRATION; AND INCORPORATED CITATION TO AUTHORITY

COMES NOW, the Plaintiff, JOHN LAWHON, by and through undersigned counsel, and files this Motion for Leave to Conduct Limited Discovery Pending Court Decision on Defendant's Motion to Compel Arbitration; and Incorporated Citation to Authority, and in support thereof states:

1. Plaintiff has plead in his Complaint that he has not agreed to arbitration, had not signed an arbitration agreement, and provide notice to Defendant he was not agreeing to an Arbitration Agreement. See Complaint, p. 12.

2. In Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc. (M.D. Fla., 2015) the Court held that "It is well-established that parties may contract to settle potential disputes by arbitration and that such agreements are favored by law. Vaden v. Discovery Bank, 556 U.S. 49, 58 (2009); 9 U.S.C. § 2. As a corollary, "a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986)."

3. Plaintiff opted out of arbitration and advised Defendant he had opted out. See Exhibit A, affidavit or declaration of Plaintiff, attached to Plaintiff's Response to Defendant's Motion to Compel Arbitration. Therein, Plaintiff swears that through Defendant's Human Resources representative, Rebecca Sosa (in a communication initiated by Ms. Sosa for the purpose of ascertaining whether Plaintiff was opting out), he notified Defendant that he did not agree to arbitration and was opting out.

4. Because Plaintiff opted out and Defendant received actual notice of his opt out (by and through Rebecca Sosa, Human Resources Representative), Defendant's claim the parties agreed to arbitration is inaccurate and false.

5. Defendant disagrees with the Plaintiff's allegations herein.

6. In Bey v. XPO Logistics, Inc. (M.D. Fla. 2017), the Court held, "A party acts inconsistently with the arbitration right when that party "substantially invokes the litigation machinery prior to demanding arbitration." Garcia, 699 F.3d at 1277 (quoting S & H Contractors, 906 F.2d at 1514) (emphasis added)". Plaintiff seeks leave of court to take discovery limited only on the issue of whether Defendant was properly notified that Plaintiff opted out of arbitration. Since Defendant waives arbitration only if it substantially participates in litigation prior to moving to compel arbitration, they run no risk of such a waiver, and will suffer no prejudice by the limited discovery.

7. The proposed discovery limited to the issue of proper notification will assist the Court in its determination of whether an arbitration agreement exists between the parties.

8. "When deciding a motion to compel arbitration, courts consider three factors: "(1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitration has been waived." Zahm v. OneWest Bank, N.A., No. 8:15-

cv-765-T-30TBM, 2015 WL 2095644, at *1 (M.D. Fla. May 5, 2015) (citing <u>Cuningham Hamilton Quiter, P.A.</u>, 776 So. 2d 940, 942 (Fla. 3d DCA 2000)). <u>Dukes v. Sai Fort Myers B, LLC</u> (M.D. Fla., 2015). The Plaintiff is merely requesting leave of Court to take limited discovery on the first factor cited above.

WHEREFORE, the Plaintiff, JOHN LAWHON, respectfully requests this Honorable Court to abate its decision on the pending Motion to Compel Arbitration; to grant leave to Plaintiff to conduct limited discovery on the issue of whether Defendant was properly notified that Plaintiff opted out of arbitration; and to enter any further relief that is just and proper under the circumstances.

<u>CERTIFICATE OF GOOD FAITH</u>

Plaintiff's counsel conferred with counsel for Defendant in good faith regarding this Motion, and counsel for Defendant did not agree to Plaintiff's request.

Dated this 14th day of October, 2019.

<u>S/Richard F. Meyers</u>
Richard Meyers, Esq. (Fla. Bar No. 0893315)
The Meyers Firm, P.A.
P.O. Box 16308
Temple Terrace, Florida 33687-6308
(813) 985-6550
Email: rmeyers@meyersfirm.com
Attorney for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 14th day of October, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a copy via email to counsel for the Defendant.

s/Richard F. Meyers, Esquire